# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

BILLY ANDERSON PINKSTON                                          PLAINTIFF

v.                                                    CIVIL ACTION NO.:  4:12-cv-82-SAA

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY                          DEFENDANT


## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Billy Anderson Pinkston for a period of disability (POD) and disability insurance benefits (DIB) under Sections 216(i) and 223(d) of the Social Security Act.  Plaintiff protectively filed applications for POD and DIB on July 25, 2006, alleging disability beginning November 7, 2005.  Docket 7, p. 258.  Plaintiff's claim was denied initially on August 31, 2006 ( *Id.* at 123-24.) and upon reconsideration on December 12, 2006.  *Id.* at 127-128.  A hearing was held before an Administrative Law Judge [ALJ] on November 12, 2008.  *Id.* at 28-46.  Plaintiff requested and was granted a supplemental hearing held on July 21, 2009 during which the ALJ took medical testimony from two consulting medical experts, Dr. Lawrence Reese and Dr. Paul Kosko.  *Id.* at 88-103.  The ALJ issued an unfavorable decision on July 30, 2009.  *Id.* at 109-118.

The Appeals Council granted review of the case on June 29, 2010, almost four years after his application for benefits, and remanded the case to the ALJ to obtain updated treatment records, additional evidence from a medical expert to clarify the nature and severity of plaintiff's impairments, reconsider plaintiff's RFC, evaluate the treating, non-treating, and non-examining source opinions and explain the weight given to each opinion, and if warranted, obtain

supplemental VE testimony. *Id.* at 125-26. The remand hearing was held on April 15, 2011. *Id.*
at 47-87. The ALJ issued the second unfavorable decision on April 28, 2011, ( *Id.* at 11-21) and
the Appeals Council denied plaintiff's request for review. *Id.* at 1-3. Plaintiff timely filed the
instant appeal from the decision, and it is now ripe for decision.

In accordance with the provisions of 28 U.S.C. 636 (c), both parties consented to have a
United States Magistrate Judge conduct all proceedings in this case. Therefore, the undersigned
has authority to issue this opinion and the accompanying final judgment.

## I. FACTS

Plaintiff Billy Anderson Pinkston was born February 1, 1946 and was fifty-nine (59)
years old at the time of his alleged onset of disability on November 7, 2005. Docket 7, p. 302.
He has a high school education. Docket 7, p. 285. His past employment experience includes
work as a farmer, machine operator, and as a crewman and harvesting forester at a timber
company. Docket 7, 281. His prior employment as a timber supervisor was classified by the
vocational expert [VE] as skilled light and his work as a heavy equipment operator was classified
as skilled medium. Docket 7, p. 83. On July 25, 2006 plaintiff protectively filed an application
for a Period of Disability and Disability Insurance Benefits. Docket 7, p. 288. Plaintiff contends
that he became disabled on November 7, 2005 due to a complication from herpes simplex virus
keratitis in his left eye. Docket 7, p. 280.

The ALJ found that the plaintiff had the "severe impairment" of left eye blindness from
herpes simplex virus keratitis but that it did not meet or equal a listed impairment in 20 C.F.R.
Part 404, Subpart P, Appendix 1. Docket 7, p. 14-15. He found that the plaintiff retained the
Residual Functional Capacity (RFC) to "perform a full range of work at all exertional levels but

with the following nonexertional limitations: the claimant cannot perform any jobs requiring good sight and/or visual acuity." Docket 7, p. 15. In light of testimony by a VE at the hearing, the ALJ found plaintiff capable of performing jobs that exist in significant numbers in the national economy, including a kitchen helper and box bender. *Id.* at 20. Therefore, the ALJ found plaintiff not disabled under the Social Security Act. *Id.* at 21.

Plaintiff alleges the ALJ erred in failing to properly consider all of plaintiff's medically determined impairments at Step 2, improperly assessing his RFC which resulted in an improper determination at Step 5 and failing to find plaintiff disabled in light of the testimony of the vocational expert and/or pursuant to Medical-Vocational Rule 202.06. Docket 10, p. 1.

Although plaintiff raises these three issues as grounds for appeal, the undersigned is of the opinion that the ALJ did not properly evaluate and weigh the opinions of the plaintiff's treating physician, Dr. Nicole Anderson-Weiss, which resulted in an improper RFC. Had the ALJ properly weighed the opinions of the treating physician, as well as the remaining physicians that provided opinions, he would have concluded that the plaintiff could perform, at the most, light work. An RFC that limited plaintiff to light work would have been resulted in a determination that plaintiff is disabled pursuant to Medical-Vocational Rule 202.06. Therefore, the ALJ's opinion unsupported by substantial evidence.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at

---

[1]*See* 20 C.F.R. §§ 404.1520(2010).

each of the first four levels, then the burden shifts to the Commissioner at step five.[2]  First,

plaintiff must prove he is not currently engaged in substantial gainful activity.[3]  Second, plaintiff

must prove his impairment is "severe" in that it "significantly limits his physical or mental ability

to do basic work activities . . . ."[4]  At step three the ALJ must conclude plaintiff is disabled if he

proves that his impairments meet or are medically equivalent to one of the impairments listed at

20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5]  If plaintiff does not meet this

burden, at step four he must prove that he is incapable of meeting the physical and mental

demands of his past relevant work.[6]  At step five, the burden shifts to the Commissioner to prove,

considering plaintiff's residual functional capacity, age, education and past work experience, that

he is capable of performing other work.[7]  If the Commissioner proves other work exists which

plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that

work.[8]

　　　The court considers on appeal whether the Commissioner's final decision is supported by

substantial evidence and whether the Commissioner used the correct legal standard.  *Crowley v.*

---

[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3]20 C.F.R. §§ 404.1520(b)(2010).

[4]20 C.F.R. §§ 404.1520(c)(2010).

[5]20 C.F.R. §§ 404.1520(d)(2010).  If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. §§ 404.1520(e)(2010).

[7]20 C.F.R §§ 404.1520(g)(2010).

[8]*Muse*, 925 F.2d at 789.

*Apfel,* 197 F.3d 194, 196 (5th Cir. 1999); citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993);

*Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to

scrutinize the entire record to determine whether the ALJ's decision was supported by substantial

evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v.*

*Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not

reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that

the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that

substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v.*

*Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the

Commissioner to decide, and if there is substantial evidence to support the decision, it must be

affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th

Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence

that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*,

402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the

[Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir.

1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

Plaintiff contends on appeal that the ALJ erred in not finding plaintiff disabled under

---

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

*Medical-Vocational Rule* 202.06 contained in 20 C.F.R. Part 404, Subpart P, App. 2 ("*Medical-Vocational Rule*"). Docket 10. p. 15. The ALJ first erred when he concluded that plaintiff was capable of performing work at all exertional levels instead of, at most, light work. The medical evidence does not support a finding that plaintiff is capable of performing work at all exertional levels. There is no medical opinion that plaintiff can perform work at all levels, but there are multiple opinions that if plaintiff could perform a full work load at all, he should be limited to part-time work with lifting limitations.

Plaintiff's treating physician, Dr. Nicole Anderson-Weiss, opined that while he may be able to perform some work-related activities, she was "concerned about him resuming full work related activities" due to his neurotrophic condition, as well as his anisometropia and dry eye, that may result in further complications. Docket 7, p. 588. On November 30, 2006, before plaintiff experienced may of his complications, Dr. Anderson-Weiss responded to a DDS inquiry indicating that plaintiff had "lifting restrictions/work restrictions for several months to a year." *Id.* at 440. Dr. Anderson-Weiss completed a Visual Impairment Medical Source Statement on January 26, 2007 and indicated that plaintiff was "being treated for a very serious infection [and she] wouldn't want him working at all right now. When he recovers, he may be able to work a couple hours very light duty. However, he may continue to have further issues with this eye that require complex restriction." *Id.* at 579. She stated "this is likely a life-long condition. He may have some improvement, but will be dealing with this for life," and plaintiff cannot perform fine and detailed work for up to six hours out of an eight-hour day. *Id.* at 578. In response to opinions expressed by consulting physicians Drs. Kosko and Reese, Dr. Anderson-Weiss submitted a letter to the ALJ indicating that even though she did not dispute that plaintiff could

perform "some work related activities[, she remained] concerned about him over-exerting himself." *Id.* at 593-94.

Records show that Mr. Pinkston continued to have severe complications through at least October 2008, when he suffered an episode of graft rejection in his left eye. *Id.* at 588. The ALJ rejected or discounted all of Dr. Anderson-Weiss' opinions, finding that they were opinions on issues reserved for the Commissioner or were not consistent with the record as a whole. *Id.* at 17. Even after being specifically instructed by the Appeals Council to do so, the ALJ failed to actually identify how much weight he afforded Dr. Anderson-Weiss' opinions.

Dr. Kossman, a DDS non-examining physician opined that "lifting will be restricted" in a Medical Consultant Review form. *Id.* at 463. Dr. Kossman did not provide any lifting restrictions on the check box DDS form completed the same day, but instead hand wrote it on the Review Form. *Id.* at 456. Interestingly, the ALJ made no mention of Dr. Kossman's handwritten notation regarding the lifting restriction in the decision denying benefits. *Id.* at 18. The ALJ found that Dr. Kossman's determinations were credible and afforded them "appropriate weight." Again, the ALJ failed to identify how much weight he afforded Dr. Kossman's opinions despite specific instruction to do so.

After the December 12, 2008 hearing Dr. Paul Kosko conducted a consultative exam on January 28, 2009 and provided the ALJ with a page and a half report indicating that plaintiff's condition was stable, and he suffered from no limitations due to visual problems. Docket 7, pp. 580-81. Dr. Kosko did not have any of plaintiff's medical records, even the records from plaintiff's treating physician. In fact, during testimony at the July 21, 2009 hearing, Dr. Kosko indicated that the only information he was provided concerning plaintiff's medical history was "a

list of doctors that he had visited and what the reason for the visit was." *Id.* at 98. Dr. Kosko's

examination of plaintiff lasted a mere five to ten minutes. Docket 7, p. 100. He also testified

that he agreed with Dr. Anderson-Weiss's approximation that plaintiff could work for two to four

hours a day. *Id.* at 101. Once again the ALJ did not indicate how much weight he assigned to

Dr. Kosko's opinion, only that he assigned it "weight because it is consistent with the overall

medical evidence of record." *Id.* at 18.

It appears that the ALJ primarily relied upon opinions expressed by Dr. Reese, a non-

examining consultant, whose opinions were given significant weight. Docket 7, p. 19. Dr. Reese

opined that plaintiff did not suffer from an impairment that would render him disabled because

he still maintains one good eye. Docket 7, p. 53-55. When asked what effect plaintiff's left eye

would have on his overall functioning, Dr. Reese testified that he would defer to Dr. Anderson-

Weiss, plaintiff's treating physician. Docket 7, p. 61. Dr. Reese did not provide any physical

limitations as to plaintiff's ability to lift and did not testify as to whether plaintiff could perform

light, medium or heavy work. He did not indicate that plaintiff was capable of performing any

frequent lifting – a requirement for light exertional level work – much less the requirements for

medium exertional work.

Based upon a review of the record, it appears that instead of ensuring that plaintiff could

actually meet the social security definitions of medium work, the ALJ took Dr. Reese's statement

that he did not believe plaintiff was disabled at face value to arrive at an RFC that plaintiff could

perform a full range of work at all exertional levels. The medical records support a finding that

plaintiff should be limited to, at the most, light work as there is no evidence in the record to that

Mr. Pinkston has the physical capability to support a finding of a medium exertional work

requirement.  In fact, the record evidence strongly supports a finding of sedentary or light

exertional work, if plaintiff can even perform a full work load.  Dr. Anderson-Weiss, plaintiff's

treating opthalmologist of three years, opined that plaintiff should not overexert himself, and Dr.

Kossman imposed a lifting restriction.  Dr. Kosko indicated that plaintiff could work two to four

hours.  No physician – treating, examining or consulting – indicated that plaintiff could perform

any lifting on a frequent basis.  Therefore, the ALJ should have found plaintiff capable of

performing at most light or sedentary work.

This error by the ALJ resulted in his utilizing the incorrect Table for a determination of

whether plaintiff is disabled under the *Medical-Vocational Rules*.  The ALJ should have used

either Table No.1, "Residual Functional Capacity: Maximum Sustained Work Capacity Limited

to Sedentary Work as a Result of Severe Medically Determinable Impairment(s)", or Table No.

2, "Residual Functional Capacity: Maximum Sustained Work Capacity Limited to Light Work as

a Result of Severe Medically Determinable Impairment(s)."  Assuming plaintiff could perform

light work, according to Table No. 2, plaintiff is disabled as he is an individual of advanced age

with a high school education whose previous work experience was skilled or semiskilled and

whose skills are not transferrable.  The court has carefully reviewed the entire record in this case,

and found clear substantial evidence that plaintiff meets *Medical-Vocational Rule* 202.06.

Consequently, plaintiff is disabled, and no further evaluation of plaintiff's impairments is

required.

## IV.  DETERMINATION OF BENEFITS

In determining whether to reverse the Commissioner's final decision and remand or to

grant benefits without further administrative review, the court must look to the completeness of

the record, the weight in favor of the plaintiff, the harm to the claimant that further delay might cause, and the effect of a remand delaying the ultimate receipt of benefits by a deserving plaintiff. SOCIAL SECURITY LAW & PRACTICE, §55.77, p. 129. In this case, this plaintiff has been seeking benefits through the administrative processes for <u>seven</u> years. The evidence in this case is clear. Plaintiff's work limitations fall squarely within the requirements of *Medical-Vocational Rule 202.06*, and the plaintiff is therefore presumed disabled under the Act without further inquiry into his work ability. Accordingly, the court holds that because the evidence is conclusive, an award of benefits at this stage would be in the best interest of the plaintiff's health and welfare and will avoid further undue delay which would result upon remand for additional review. The court directs that this case be remanded for the sole purpose of determining the amount of benefits to be awarded to the plaintiff under the Act.

## V.  PLAINTIFF'S REMAINING ARGUMENTS

Because the court has determined that the plaintiff is disabled under the Social Security Act and this action is being remanded for the sole purpose of determining the amount of benefits to be awarded to the plaintiff under the Act, the court need not address the merits of the plaintiff's remaining arguments at this time.

## VI.  CONCLUSION

For the foregoing reasons, the court finds that the decision of the ALJ is not supported by substantial evidence, that plaintiff's impairments fall within the requirements of *Medical-Vocational Rule 202.06* and plaintiff is entitled to benefits under the Social Security Act. This case is remanded for the sole purpose of determining the amount of benefits to be awarded. A final judgment in accordance with this memorandum opinion will issue this day.

Respectfully submitted, this the 29th day of April, 2013.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE